UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANGELA D. MCNAIR,<br><br>    Plaintiff,<br><br>v.<br><br>WEST MEMPHIS TENNESSEE<br>DETENTION CENTER,<br>UNITED STATES MARSHAL SERVICE,<br>Dr. DIETZ, Ms. DELEW - Nurse,<br>Ms. DAVIS – Nurse, CORRECTIONS<br>CORPORATION OF AMERICA<br>LEAVENWORTH, KANSAS, and<br>Dr. SATTERFIELD – CCA – Leavenworth,<br><br>    Defendants. | Civil No. 13-865 (PJS/AJB)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a federal prison inmate, commenced this action by filing a complaint seeking redress for personal injuries that she allegedly sustained while in federal custody. She did not pay the $350 filing fee required by 28 U.S.C. § 1914, but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, her IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that Plaintiff is

required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $5.10.

By order dated April 22, 2013, (Docket No. 3), Plaintiff was instructed to pay her initial partial filing fee of $5.10 within twenty days. The Court's order expressly advised Plaintiff that if she failed to pay the prescribed amount within the time allowed, she would be deemed to have abandoned this action, and it would be recommended that her case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline for paying the initial partial filing fee in this case has now passed, and Plaintiff has not tendered any fee payment, nor has she offered any excuse for her failure to do so. Indeed, Plaintiff has not communicated with the Court at all since she filed this action. Therefore, in accordance with the Court's prior order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's pending IFP application be denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 20, 2013

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 4, 2013.